**SHEPSON, Plaintiff-Appellant, v. ALHAMBRA LOUNGE & RESTAURANT, INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22317.   Decided January 21, 1952.

34

John J. Tetlow, Harry L. Deibel, Cleveland, for plaintiff-appellant.

Hauxhurst, Inglis, Sharp & Cull, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, P. J.

This appeal comes to this court on questions of law from a judgment entered for the defendant in the Common Pleas Court. Upon trial the jury returned a verdict for the plaintiff. Whereupon the defendant filed a motion for judgment n. o. v. which motion was granted.

The plaintiff presents the following claims of error:

1. The trial court erred in admitting defendant's exhibit A.

2. The trial court erred in admitting incompetent and contradictory evidence to which plaintiff at that time objected and excepted.

3. The trial court erred in using evidence that was both incompetent and conflicting as an element to rebut the conceded prima facie case made by plaintiff.

4. The trial court erred in sustaining defendant's motion for judgment non obstante veredicto.

5. The trial court erred in that it weighed the evidence in sustaining defendant's motion for judgment non obstante veredicto.

The action is one in negligence. Between 6:30 and 7:00 o'clock A. M. of the morning of September 25, 1947 the plaintiff, while on his way to work got off an eastbound Quincy Avenue bus on the south side of Quincy at about East 69th Street. He proceeded to walk around the rear of the bus and then in a northerly direction toward East 69th Street.

At the same time and place, a light delivery truck belonging to the defendant was being operated westerly on Quincy Avenue by one Chester Lloyd, employed by them as a porter. The plaintiff was struck and severely injured by defendant's truck while thus being driven by Chester Lloyd.

The alleged negligence of the driver of the truck and the extent of the injuries are not much in dispute. The question presented here has to do with whether or not there is any evidence in the record tending to establish that, at the time and place, Chester Lloyd was acting within the course and scope of his employment in the operation of the defendant's truck.

The plaintiff to sustain his burden in establishing his case against the defendant in addition to the evidence to sustain the allegation of negligence committed by Lloyd in operating the truck, and to show that the latter was then acting for the defendant in the course of his employment, introduced evidence that the truck belonged to the defendant, that Lloyd was employed as a porter by the defendant, that the street on which the accident happened was one of four routes which could be used in going to market, that Lloyd had driven the truck on at least two other occasions and that, over the objection of the defendant, a police officer who had investigated the accident was permitted to testify that Lloyd, when being questioned by the police as to who was driving the truck, said:

A. "* * * We asked him where the truck was. He said he had been involved in a little accident down on 64th and had gone back to the scene, and we asked him whose truck it was. He said the Alhambra Tavern, and he drove it marketing; that he was the porter there."

The defendant's evidence presented by the day manager was to the effect that it was the owner of the truck, that Lloyd was a porter and dishwasher and that his duties did not include driving the truck, that on two other occasions, Lloyd had driven the truck to the parking lot, that he had used it on the last of these occasions for his own personal use and had thereafter been instructed never to drive it again, that on the morning of the accident the day manager had completed the marketing and had directed Lloyd to unload the truck then parked on Euclid Avenue in front of the restaurant, and after he had finished, without the knowledge or permission of the defendant, had taken the truck for his own purposes. There was also admitted into evidence, over the objection of the plaintiff, the written statment given to the police by Lloyd in which he explained what he was doing with the truck and how the accident happened and in which the following question and answer was asked and given:

"Q. Did you have permission to operate this truck at the time of the accident?

A. No."

In granting defendant's motion for judgment notwithstanding the verdict, the court held that it was in error in admitting into evidence the extra judicial statement of Lloyd in the plaintiff's case and that the plaintiff's case was not sufficient on the question of agency without the statement of Lloyd made at the scene of the accident. The court, however, found that, on a motion for judgment notwithstanding the verdict, the court must consider all of the evidence, both competent and incompetent, that was submitted to the jury upon the authority of §11601 GC, and **Kenny v. Metropolitan Life Ins. Co., 82 Oh Ap 51.** The court then found that the defendant's evidence offered to rebut the inference that Lloyd was acting within the scope of his employment at the time of the accident was sufficient to completely destroy the same whereby plaintiff's case must fail and upon that ground granted defendant's motion for judgment notwithstanding the verdict.

It seems to us clear, with the extra judicial statement of the driver that "He drove it marketing," there was sufficient evidence presented by the plaintiff to send the case to the jury, but without such evidence the plaintiff did not make out a case. We also find that the said extra judicial statement, that is, what Lloyd told the police officers at the place of the accident as to his duties, was not admissible, either on the ground of res gestae or as an admission against interests of the defendant.

Such error, however, can not be reached by a motion for judgment notwithstanding the verdict. Kenny v. Metropolitan Life Ins. Co., supra. Nor, is the court authorized to weigh the evidence in passing on such motion.

We must conclude therefore that the court committed error in granting defendant's motion for judgment notwithstanding the verdict.

However, it is the duty of this court to sustain a judgment when upon the face of the record substantial justice has been done. (Sec. 11364 GC.) **Matcoski v. City of Canton, 54 Oh Ap 234.**

We have heretofore concluded that without the extra judicial statement introduced by the plaintiff, there was a total failure of proof on the question of agency. It must follow, therefore, that had the court ruled correctly on defendant's objection to such evidence, the case would have come within the holdings of the Supreme Court in the cases of **White Oak**

Coal Co. v. Rivoux, 88 Oh St 18, Halkias v. Wilkoff Co., 141 Oh St 139; Jackson v. Frederick, 152 Oh St 423, and the defendant's motion for a directed verdict at the conclusion of the taking of all the evidence should have of necessity been granted.

For the foregoing reasons, the judgment for defendant is affirmed. Exceptions. Order see journal.

HURD, J, THOMPSON, J, concur.